IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | | |
|---|---|---|
| Osman Ozsusamlar, | ) | Civil Action No.: 1:18-492-AMQ-SVH |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| B.M. Antonelli, Warden, | ) | |
| | ) | |
| Respondent. | ) | |

**RESPONSE IN OPPOSITION TO**
**PETITIONER'S MOTION FOR APPOINTING ATTORNEY**

COME NOW THE RESPONDENT, by and through Sherri A. Lydon, United States Attorney and the undersigned Assistant United States Attorney, and makes the following response in opposition to the Petitioner's Motion for Appointing Attorney. *[ECF No. 24]*. The grounds for opposition are explained below.

Petitioner Ozsusamlar has moved for appointed counsel on the grounds that he is a Turkish citizen, acting "pro se," and does "not have any type of education about the law." *[ECF No. 25, at 1]*. Mr. Ozsusamlar ask the court to grant an attorney to represent his case in order to clear his name and fix his "FBOP sentry file wrong doing act." *[Id.]*

A civil litigant has no right to appointed counsel. Nonetheless, the district court may, in its discretion, appoints counsel when "a pro se litigant has a colorable claim but lacks the capacity to present it." Whisenant v. Yuam, 739 F.2d 160, 163 (4th Cir. 1984) (holding that 28 U.S.C. § 1915 (2006) does not authorize compulsory appointment of counsel), *abrogated on other grounds by* Mallard v. United States Dist. Ct. for Southern Dist. of Iowa, 490 U.S. 296, 298 (1989).

The district court's discretion to appoint counsel is limited to exceptional cases. See Cook v. Bounds, 518 F.2d 779 (4th Cir. 1975). A plaintiff must allege facts that are complex or show unusual circumstances warranting the appointment of counsel in the case. See id. at 780. In determining whether exceptional circumstances exist which warrant the appointment of counsel, a court is required to evaluate the type and complexity of the case, and the abilities of the individual bringing it. Brock v. City of Richmond, 983 F.2d 1055 (4th Cir. 1993) (quoting Whisenant, 739 F.2d at 163). A plaintiff has no right to the appointment of counsel unless the denial of proper representation would result in fundamental unfairness impinging on due process rights. Childs v. Duckworth, 705 F.2d 915, 922 (7th Cir. 1983).

The claims presented in Petitioner's habeas petition are not complicated. *[ECF No. 1]*. He is challenging an administrative disciplinary action he received while incarcerated at another institution. *[Id.]* Mr. Ozsusamlar has not indicated or expounded on how or why his case merits special justification and legal assistance beyond his ability to pursue this litigation. Accordingly, the Petitioner has failed to make a showing of exceptional circumstances and the filings do not support a finding that his case is one where counsel should be appointed.

Based on the foregoing, the Respondent opposes the Motion for Appointing Attorney and prays that the Court denies the same.

                              Respectfully submitted,

                              SHERRI A. LYDON
                              UNITED STATES ATTORNEY

                    By:    *s/Marshall Prince*
                              MARSHALL PRINCE (#5617)
                              Assistant United States Attorney
                              1441 Main Street, Suite 500
                              Columbia, South Carolina 29201
June 28, 2018                Telephone: (803) 929-3000

## **CERTIFICATE OF SERVICE**

The undersigned Assistant United States Attorney hereby certifies that he has caused service of the attached **RESPONSE IN OPPOSITION TO PETITIONER'S MOTION FOR APPOINTING ATTORNEY** by a legal assistant employed in the Office of the United States Attorney for the District of South Carolina who is a person of such age and discretion as to be competent to serve papers.

That on June 28, 2018, my legal assistant served a copy of the foregoing document by placing said copy in a postpaid envelope addressed to the person hereinafter named, at the place and address, by depositing said envelope and contents in the United States Mail at U.S. Attorney's Office, 1441 Main Street, Suite 500, Columbia, SC 29201.

The undersigned also certifies that he has provided the Petitioner with copies of any unpublished decisions which are cited herein.

Osman Ozsusamlar  
Reg. No. 53271-054  
FCI Pollock-Pom  
PO Box 4050  
Pollock, LA 71467  

*s/Marshall Prince*  
MARSHALL PRINCE (#5617)  
Assistant United States Attorney