IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Osman Ozsusamlar, #53271-054, | ) | C/A No.: 1:18-492-AMQ-SVH |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | REPORT AND |
| | ) | RECOMMENDATION |
| B.M. Antonelli, Warden, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

Osman Ozsusamlar ("Petitioner"), proceeding pro se, is incarcerated at FCI-Pollock-Pom in Pollock, Louisiana, a facility of the Federal Bureau of Prisons ("BOP").[1] He filed this petition seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2241. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civ. Rule 73.02(B)(2)(c) (D.S.C.) for a Report and Recommendation on Respondent's motion to dismiss. [ECF No. 17]. Pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the court advised Petitioner of the dismissal procedures and the possible consequences if he failed to respond adequately to Respondent's motion. [ECF No. 18]. After obtaining an extension [ECF No. 21], Petitioner filed a response on June 15, 2018. [ECF No. 23].

Having carefully considered the parties' submissions and the record in

---

[1] Petitioner was incarcerated at FCI-Williamsburg, in Salters, South Carolina at the time he filed the instant petition. [ECF No. 1].

this case, the undersigned recommends that the court grant Respondent's motion to dismiss.

I.   Factual and Procedural Background

Petitioner filed this § 2241 petition seeking restoration of good time credits. [ECF No. 1 at 6]. Petitioner claims he did not know any English when he was first arrested and detained, and he had a jailhouse lawyer write a letter for him to send to a United States District Judge. *Id.* Petitioner states the jailhouse lawyer vindictively submitted an incriminating letter on Petitioner's behalf. *Id.* Petitioner claims he explained to the judge that the letter did not accurately reflect his thoughts, and the judge chose not to punish Petitioner. *Id.* Petitioner contends that despite these facts, the BOP charged him with threatening bodily injury to a district judge. [ECF No. 23 at 4]. A disciplinary hearing officer conducted a hearing on May 31, 2007, and Petitioner guilty. [ECF No. 17 at 9]. Petitioner was sanctioned, in part, to the disallowance of 27 days of good conduct time. *Id.*

II.  Discussion

   A.   Standard on Motion to Dismiss

Dismissal is appropriate under Fed. R. Civ. P. 12(b)(1) where the court lacks subject-matter jurisdiction. A motion to dismiss under Rule 12(b)(1) examines whether a complaint fails to state facts upon which jurisdiction can be founded. It is the plaintiff's burden to prove jurisdiction, and the court is

2

to "regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." *Richmond, Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991). The court is "not required to accept as true the legal conclusions set forth in a plaintiff's complaint." *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999). Indeed, the presence of a few conclusory legal terms does not insulate a complaint from dismissal when the facts alleged in the complaint cannot support the legal conclusion. *Young v. City of Mount Ranier*, 238 F.3d 567, 577 (4th Cir. 2001).

Pro se complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal district court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *Merriweather v. Reynolds*, 586 F. Supp. 2d 548, 554 (D.S.C. 2008). The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts that set

forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

B.   Analysis

Petitioner was required to exhaust his administrative remedies within the BOP before submitting a § 2241 petition in this case. Although § 2241 does not contain a statutory exhaustion requirement, courts consistently require prisoners to exhaust their administrative remedies prior to seeking habeas review under § 2241. *See Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 490–91 (1973) (requiring exhaustion in 28 U.S.C. § 2241 matter); *McClung v. Shearin*, 90 F. App'x 444, 445 (4th Cir. 2004) ("Federal prisoners must exhaust their administrative remedies prior to filing § 2241 petitions."). The requirement of exhaustion allows prison officials to develop a factual record and "an opportunity to resolve disputes concerning the exercise of their responsibilities before being haled into court." *Jones v. Bock*, 549 U.S. 199, 204 (2007).

Respondent contends Petitioner did not exhaust his administrative remedies in regard to the subject disciplinary conviction, and therefore his petition should be dismissed. [ECF No. 17 at 3–7]. Respondent submits an affidavit from Amy Williams, Legal Assistant for the United States Department of Justice, BOP, supporting Petitioner's failure to exhaust his administrative remedies. *See* ECF No, 17-3. Williams states Petitioner filed

five sets of administrative remedies challenging his May 2007 disciplinary proceedings, and all but one of those remedies was rejected. *Id.* at 3. Williams says Petitioner failed to appeal the denial of the one accepted administrative remedy to the BOP central office, and therefore he failed to fully exhaust his administrate remedies. *Id.* Petitioner does not contest Respondent's assertion that he did not exhaust his administrative remedies. Instead, Petitioner challenges the evidence used to support his May 2007 disciplinary charge and asks the court to appoint him an attorney "to follow up [his] Administrative Remedies Complaint." [ECF No. 23 at 6–8]. Because there is no dispute that Petitioner failed to administratively exhaust his remedies prior to filing this action, the undersigned recommends Respondent's motion to dismiss be granted.

III.   Conclusion and Recommendation

For the foregoing reasons, the undersigned recommends that the court grant Respondent's motion to dismiss [ECF No. 17], deny the petition for writ of habeas corpus, and dismiss the petition without prejudice. If the court accepts this recommendation, Petitioner's motion to appoint counsel [ECF No. 24] will be rendered moot.

IT IS SO RECOMMENDED.

*Shiva V. Hodges*

August 13, 2018                                Shiva V. Hodges
Columbia, South Carolina               United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

6

### Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).